In the Matter of the Estate of EDGAR J. COLE, Deceased.

Surrogate's Court, Chautauqua County, December 24, 1935.

*C. Rex Crosby*, for the Union Trust Company of Jamestown, N. Y., executor.

*Rogerson, Clary & Hewes* [*J. Russell Rogerson* of counsel], for the residuary legatees and remaindermen under trusts set up in the will.

OTTAWAY, S. It appears that letters testamentary were issued in April, 1915. The petition and account herein alleged that the

will provided for a trust fund to include all the estate, the life use thereof to be given to the widow and the remainder to go to nephews and nieces and their descendants. It is alleged that a substantial estate is involved and that many transactions involving stocks, bonds and other personal property have occurred since the executor qualified and that a settlement of the account to date and approval of the acts of the executor thus far are now appropriate and necessary.

The residuary legatees and the remaindermen assert that there is no proceeding now known to our law for the settlement of an intermediate account. Such procedure for voluntary intermediate accounting was formerly found in sections 253, 254 and 255 of the Surrogate's Court Act and it is asserted that these sections were repealed by implication at least by chapter 642 of the Laws of 1933. It is argued that the court has no jurisdiction to entertain this proceeding and no enforcible order can be secured in it.

The Legislature in 1933 apparently intended some drastic amendment to the provisions of the Surrogate's Court Act found in article 14 thereof. Chapter 642 of the Laws of that year contains this introductory clause: " Section 1. Sections one hundred and forty-five, two hundred and fifty-three, two hundred and fifty-four, two hundred · and fifty-five, two hundred and fifty-eight, two hundred and sixty-one and three hundred and fourteen of the Surrogate's Court Act, are amended to read as follows: " Then follows section 145, the provisions being considerably amended and redrawn. No reference whatever is made to sections 253, 254 and 255. Sections 258, 261 and 314 are restated. There is no clause at the end of this act repealing the portions omitted.

It is urged by the petitioner that this chapter of the Laws of 1933 is an " amending " statute and not a " repealing " statute; that repeal by implication is never favored; that had there been any intent to repeal sections 253 to 255, inclusive, it could have been very simply indicated by a definite provision therefor couched in the usual terse language of such acts of the Legislature; that statutes of this character must be strictly construed and that no matter what the intention of the Legislature may have been, this chapter is actually ineffective to accomplish a repeal of the provisions relating to intermediate accounting.

It is further argued that the statements made by various authors and contained in various works relating to the law of Surrogates' Courts are not after all conclusive when they say that these statutes were " repealed by implication," " eliminated by implied abrogation," " apparently repealed," " inferentially eliminated," or simply " repealed." The very uncertainty of the language used by some

of these authors in stating their conclusions would seem to indicate their view to be that this was a very poorly drawn bit of legislation.

Sufficient answer undoubtedly is found to all these arguments in the construction which the Court of Appeals has given generally to statutes of this kind. It will be recalled that the introductory paragraph of this act of 1933 provides that these various sections " are amended to read as follows: " Such language operates as a repeal by implication of all inconsistent provisions in the former law and of those provisions therein which are omitted in the new statute. (See *Matter of Prime*, 136 N. Y. 347.) It follows that all of the provisions of sections 253 to 255, inclusive, were repealed by the amending act of 1933, thereby eliminating from the Surrogate's Court Act the subject of " voluntary intermediate accounting " as previously understood.

It does not necessarily follow, however, that petitioner may not have its accounting. In 1935 the Legislature by chapter 597 made new provision for intermediate accounting which is now found in a new section, 253. This new section provides in substance that on the petition of any person interested or on the surrogate's own motion an order may be issued directing an executor to file an account at any time. If, on the filing of such an account, it appears that it then can be judicially settled, appropriate citation may be issued and proceedings had therefor. The petition and the account which are before the court contained ample basis for an order upon the surrogate's part directing that the account be filed and that proceedings be had for the immediate settlement thereof. Such an order this court would now make if requested.

But it is not necessary to go into the field of compulsory accounting, for section 261 of the Surrogate's Court Act, as now amended by chapter 642 of the Laws of 1933, relates to the subject of voluntary judicial settlement of accounts, and permits the filing of such accounts by an executor under various circumstances, one of which is stated as follows: " Where his account has not been judicially settled within one year preceding the application therefor and the surrogate entertains such application." There is before us the account of this executor and his petition praying that the same be judicially settled. We entertain that application. All of the necessary parties being before the court upon the return of the citation duly issued herein, it follows that petitioner may properly seek the relief which he prays.

Objections overruled. Case is placed upon the calendar of the term of court to be held at the City Hall, Jamestown, N. Y., on December 27, 1935. If either party desires formal order entered in accordance with the foregoing disposition of objections, such order may be prepared and submitted to the court for signature.